UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN HOLTMAN,<br>5228 Coffee Tree Dr.<br>Raleigh, NC 27613<br><br>      Petitioner,<br><br>    v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORP.,<br>1 New Orchard Rd.<br>Armonk, NY 10504<br><br>      Respondent. | Civil Action No. 1:22-cv-852 |

## PETITION TO VACATE ARBITRATION AWARD

1. Petitioner John Holtman worked for Respondent International Business Machines Corporation (hereinafter "IBM").  He has attempted to bring a claim against IBM in arbitration for discrimination under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, in connection with the termination of his employment.

2. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, Petitioner hereby moves to vacate the arbitration award dismissing his claim.

1

3. █████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

4. █████████████████████████████

████████████████████

████████████████████████████████

███████████████████

5.    Petitioner thus seeks vacatur of the arbitrator's award ████████

████████████████████████████

████████████████████████████

████████████████████████████ This action is brought pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. §1, *et seq*. and the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## PARTIES

6. Petitioner John Holtman is a resident and domiciliary of Raleigh, North Carolina. For 36 years, until his termination, he was an employee of Defendant. His last day of work was in June 2020.

7. Respondent International Business Machines Corporation ("IBM") is incorporated and maintains its principal place of business in New York.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as the underlying claim sounds in federal law, specifically the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

9. This Court also has jurisdiction over these proceedings pursuant to 29 U.S.C. §1331 as this action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq*. The FAA provides that petitions to vacate arbitration awards shall be made in the judicial district in which the award was made. See 9 U.S.C. § 10.

10. Venue is proper in this District pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391 as the arbitration award was made in this judicial district, in Washington, D.C.

## BRIEF SUMMARY OF FACTS AND PROCEEDINGS

11. █████████████████████████████████████

12.     ███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████

13.     This discriminatory scheme is detailed in the Second Amended Complaint in the matter of Rusis et al. v. International Business Machines Corp., C.A. No. 18-cv-08434 (S.D.N.Y.) (Dkt. 179), a class and collective action pending in the Southern District of New York, brought under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et seq*.  Briefly stated, in Rusis, the plaintiffs allege that IBM has pushed out thousands of older workers over a several year period, while hiring younger workers (which the company often refers to as "Early Professional Hires" or "New Collar" workers), in order to better compete with newer technology companies, such as Google, Facebook, Amazon, and others.

14.     Indeed, IBM has been investigated for age discrimination by the Equal Employment Opportunity Commission ("EEOC").  Following a multi-year investigation, on August 31, 2020, the EEOC issued a classwide determination in which it found reasonable cause to believe that IBM discriminated against older employees during the period 2013 to 2018.  The EEOC stated in its determination letter that its conclusion was supported by dozens of interviews it had conducted

across the company, as well as analysis of data, and it rejected IBM's attempt to justify and defend the layoffs of the 58 charging parties, whose claims had been consolidated for investigation, through individualized explanations.

15. When it laid off employees, including Petitioner, IBM avoided providing disclosures of the ages of employees who had been laid off and those not laid off (and other related information), as required by the Older Workers' Benefits Protections Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H), by not including a waiver of ADEA claims in the release that it asked the employees to sign.  Instead, it offered the employees subject to layoff a very modest severance payment in exchange for a waiver of almost all legal claims, other than a claim under the ADEA.  The agreement provided, however, that if the employee chose to pursue a claim under the ADEA, it would need to be in individual arbitration.

16. ███████████████████████████████████████
███████████████████████████████████████
█████

17. ███████████████████████████████████████
███████████████████████████████████████

18. ███████████████████████████████████

19. █████████████████████████████████████
███████████████████████████████████████

20. ████████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████

21. ████████████████████████████████

████████████████████████████████████

████████████

22. ████████████████████████████████

████████████████████████████████████

████████████████████████

23. ████████████████████████████████

████████

24. ███████████████████████████████████████

███████████████████████████████████████

██

25. ███████████████████████████████

26. ███████████████████████████████

███████████████

27. ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

28. ███████████████████████████████████████

███████████████████████████████████████

███████████████████

29. ███████████████████████████████

███████████████████████████████████

30. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

7

31. In addition, pursuant to the ADEA, individuals are required to file a charge with the EEOC within 300 days of the date of the alleged wrongful act (or within 180 days in non-deferral jurisdictions). 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d), 633(b).

32. However, under the single filing rule, also referred to as the "piggybacking" doctrine, individuals may pursue discrimination claims even if they did not timely file their own administrative charge of discrimination at the EEOC. See Tolliver v. Xerox Corp., 918 F.2d 1052, 1057-59 (2d Cir. 1990); see also Holowecki v. Federal Exp. Corp., 440 F.3d 558, 565-70 (2d Cir. 2006). All that is required for "piggybacking" is that the earlier filed charge of discrimination is similar to the discrimination claim that the individual wants to pursue. See Tolliver, 918 F.2d at 1057-59; Grayson v. K Mart Corp., 79 F.3d 1086, 1102 (11th Cir. 1996) ("piggybacking is available in ADEA cases). The single filing rule is thus a part of the statute of limitations law for ADEA claims.

33. Although Petitioner would be timely to bring his age discrimination claim in court under the single filing rule by virtue of piggybacking onto similar charges timely filed at the EEOC, see Tolliver, 918 F.2d at 1057-59; Holowecki, 44 F.3d at 565-70, ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

34. Courts do not permit employers to truncate the limitations periods of ADEA claims by contract because the ADEA limitations period is a substantive, non-waivable right.[1]  See Thompson v. Fresh Products, LLC, 985 F.3d 509, 519-20 (6th Cir. 2021).  The EEOC has also taken the position that ADEA limitations periods cannot be abridged by contract.  See Thompson, EEOC Brief, 2020 WL 1160190, at *19-25 (S.D.N.Y. March 2, 2020).

35. Moreover, the law is clear that arbitration is a viable alternative to court only where employees can pursue the same claims they could pursue in court; the law is also clear that employees cannot be required to give up substantive rights if they proceed with their claims in arbitration, rather than in court. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) ("the prospective litigant [must be able to] effectively . . . vindicate his or her statutory cause of action in the [specific] arbitral forum").

---

[1] As noted above (paragraph 15), Petitioner cannot be deemed to have waived his rights under the ADEA because IBM did not provide the disclosures regarding the ages of employees who were laid off and were not laid off, as required by the OWBPA.  See Oubre v. Entergy Operations, Inc., 522 U.S. 422, 426-27 (1998).

WHEREFORE, Petitioner requests that this Court enter the following relief:

a) ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

b) Find and declare that the provision of IBM's arbitration agreement that purports to waive the single filing, or "piggybacking", rule, and under which IBM contends that Petitioner's claim under the ADEA is untimely, is unenforceable and otherwise void, so that Petitioner may pursue his claim in arbitration.

c) Any other relief to which Petitioner may be entitled.

Respectfully submitted,

JOHN HOLTMAN,

By his attorneys,

*/s/ Michelle Cassorla*
Michelle Cassorla, D.C. Bar No. 1022193
Shannon Liss-Riordan
(*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: mcassorla@llrlaw.com;
         sliss@llrlaw.com

Dated:       March 30, 2022

10